IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FREDA TROYER,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:15-cv-11605

VERBA J. JOHNSON et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiff's Motion to Remand [ECF No. 13]. Also pending before the court are United Financial Casualty Company's ("United Financial") Motion to Transfer [ECF No. 3], Motion to Consolidate [ECF No. 4], and Motion for Leave to File Surreply ("Motion for Leave") [ECF No. 27]. Verba Johnson joined in the Motion to Transfer and the Motion to Consolidate. Joinder in Mot. to Consolidate [ECF No. 20]; Joinder in Mot. to Transfer [ECF No. 21]. The Motion for Leave is **DENIED**. For the reasons stated below, the Motion to Remand is **GRANTED**. Because the court lacks jurisdiction, the court cannot rule on the Motion to Transfer and the Motion to Consolidate.

    **I.**    **Factual and Procedural Background**

On May 18, 2015, the plaintiff, Freda Troyer, filed her Complaint against the defendants, Verba J. Johnson and United Financial, in the Circuit Court of Kanawha County, West Virginia. The plaintiff alleges she sustained personal injuries and economic and non-economic damages as a result of Johnson's negligence on May 25, 2013. The plaintiff claims she is part of a group that hired Johnson—who was in the "business of transporting passengers for hire"—to drive them to

Myrtle Beach, South Carolina. Compl. ¶ 6 [ECF No. 13-1]. During the trip, Johnson "ran off of the edge of the roadway, crossed the median, and struck a concrete barrier while traveling south on Interstate 77" in West Virginia, resulting in the plaintiff's injuries and damages. *Id.* ¶ 7. In addition to compensatory damages, the plaintiff seeks a declaratory judgment that United Financial is "obligated to provide at least [$1.5 million] in public liability insurance" under the policy issued to Johnson because "the [covered] vehicle was a commercial motor vehicle designed and used to transport 9 to 15 passengers, and engaged in the interstate transportation of passengers for compensation." *Id.* ¶ 20.

On July 29, 2015, United Financial removed the case to federal court based on federal question jurisdiction. The plaintiff filed her Motion to Remand on August 13, 2015. Meanwhile, United Financial filed its Motion to Transfer and Motion to Consolidate on July 30, 2015; Johnson joined in both motions. On September 10, 2015, United Financial filed its Motion for Leave, seeking to further support its Motion to Transfer and to further oppose the Motion to Remand. Now that the plaintiff and the defendants have filed all responses and replies, these motions are ripe.

**II.    Discussion**

United Financial claims removal is appropriate and the court may exercise jurisdiction over this case because the Complaint raises a federal question, vesting the court with original jurisdiction under 28 U.S.C. § 1331.[1] As a defendant seeking removal, United Financial bears the burden of "demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*,

---

[1] United Financial does not claim the court has diversity jurisdiction under 28 U.S.C. § 1332. *Cf.* Pl.'s Mem. in Supp. of Mot. to Remand 1 n.1 [ECF No. 14] ("Defendant United Financial was unable to remove this action on diversity grounds because both the Plaintiff and Defendant Johnson are residents of Ohio and United Financial is an Ohio Corporation.").

2

530 F.3d 293, 296 (4th Cir. 2008). And "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

Federal courts have federal question jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When determining whether to exercise federal question jurisdiction, "a court must first discern whether federal or state law creates the cause of action." *Mulcahey*, 29 F.3d at 151. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If federal law creates the cause of action, federal question jurisdiction is unquestionable. *Mulcahey*, 29 F.3d at 151. But if state law creates the cause of action, "federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)) (emphasis omitted).

The plaintiff does not state a cause of action arising under federal law. The only affirmative cause of action stated is the plaintiff's state law tort cause of action. Compl. ¶¶ 6–9. Even if the Complaint implicates the Motor Carrier Safety Act and its attendant regulations,[2] it does not state

---

[2] According to the plaintiff, the West Virginia Code of State Rules governs the coverage obligations related to the declaratory judgment sought. *See* W. Va. Code R. § 150-9-2 (providing rules and regulations re financial responsibility of motor carriers). But according to United Financial, the West Virginia Code of State Rules shifts governance of the coverage obligations at issue here to the Code of Federal Regulations because this case involves interstate transportation. *Id.* § 150-9-3.3.d ("[T]he provisions of [49 C.F.R. § 387] shall govern the limits of insurance or other financial responsibility that relate to . . . the interstate transportation of passengers and nonhazardous property upon the public highways of West Virginia to the extent that such transportation is subject to financial responsibility and insurance regulation."); *see also* 49 C.F.R. § 387.33 (prescribing levels of financial responsibility); Compl. ¶ 11 (alleging Johnson was engaged in interstate transportation of passengers). The court expresses no opinion as to whether state or federal laws or regulations apply in this case.

3

an affirmative cause of action arising under the Act or the related regulations. In fact, it appears—and United Financial has not argued otherwise—the Act and its attendant regulations do not provide a route for private enforcement. *Cf.* 49 U.S.C. § 31138(d) (providing for civil penalties); 49 C.F.R. § 387.41 (same).

Absent a federal cause of action, the jurisdictional inquiry turns on whether this case presents a substantial question of federal law. Put simply, it does not. United Financial argues this case presents a substantial question of federal law because resolution of whether a federal regulation (i.e., 49 U.S.C. § 387) applies will resolve this case and may control the application of § 387 in other cases. Resolution of this case does not turn on coverage obligations; it turns on liability as defined by West Virginia tort law. Additionally, whether § 387 applies in this case is a fact-bound determination that will not govern the application of this regulation in other cases. Neither United Financial nor Johnson nor the plaintiff asks the court to interpret § 387. This is merely a matter of application, and the simple application of federal statute or regulation is not enough to support federal question jurisdiction. *Cf. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (noting movement away "from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door"). United Financial has failed to demonstrate the application of § 387 alone is enough to warrant federal jurisdiction over this state law tort. There is no reason to doubt the ability of a state court to handle this matter. *See, e.g.*, *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) ("The state court in which the personal-injury suit was lodged is competent to apply federal law, to the extent it is relevant . . . .").

Accordingly, United Financial has failed to carry its burden to demonstrate that federal

4

jurisdiction is appropriate. In the absence of federal jurisdiction, the plaintiff's Motion to Remand is **GRANTED**.

### III. Conclusion

For the reasons stated above, the plaintiff's Motion to Remand [ECF No. 13] is **GRANTED**. Additionally, United Financial's Motion for Leave to File Surreply [ECF No. 27] is **DENIED**. As a result, the court cannot rule on United Financial's Motion to Transfer [ECF No. 3] and Motion to Consolidate [ECF No. 4].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 30, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE